1   Nina Rabin, AZ Bar #025246
2   Workers' Rights Clinic
3   James E. Rogers College of Law, Univ. of Arizona
4   1145 N. Mountain Ave.
5   Tucson, AZ 85719
6   Telephone: (520) 621-9206
7   Fax: (520) 626-5233
8   rabin@email.arizona.edu
9
10  Attorney for Plaintiffs Antonio Aguayo Alapizco, Manuel Leobardo Dominguez Quiroz,
11  Jorge Antonio Meza Sandoval, and Zenilda Ruiz

12

13              **UNITED STATES DISTRICT COURT**
14                     DISTRICT OF ARIZONA

15

16  _____
17                                              )
18  ANTONIO AGUAYO ALAPIZCO, MANUEL LEOBARDO      )
19  DOMINGUEZ QUIROZ, JORGE MEZA SANDOVAL AND     )
20  ZENILDA RUIZ,                                 )   Case No. 4:15-cv-00206-RM
21                                              )
22  Plaintiffs,                                   )
23                                              )   FIRST AMENDED
24          v.                                   )   COMPLAINT FOR
25                                              )   VIOLATIONS OF THE FAIR
26                                              )   LABOR STANDARDS ACT
27  ERNESTO RASCON, EMILIIO MURRIETA,             )   AND ARIZONA WAGE
28  GUILIBALDO MURRIETA, PETRA MEZA, HGP, LLC,    )   PAYMENT LAWS
29  EL HERRADERO, AND RASCON INVESTMENTS, INC.,   )
30                                              )
31  Defendants.                                   )
32  _____   )

33

34                      **INTRODUCTION**

35      1.  This is an action by Plaintiffs Antonio Aguayo Alapizco (hereinafter "Mr.

36          Aguayo"), Manuel Leobardo Dominguez Quiroz (hereinafter "Mr. Quiroz"),

37          Jorge Antonio Meza (hereinafter "Mr. Meza"), and Zenilda Ruiz (hereinafter

38          "Ms. Ruiz") (hereinafter together referred to as "Plaintiffs") against their

1        employers, Ernesto Rascon, Emilio Murrieta, Guilibaldo Murrieta, El Herradero,

2        and Rascon Investments, LLC (hereinafter together referred to as "Defendants").

3    2.  Mr. Aguayo, Mr. Quiroz, Mr. Meza, and Ms. Ruiz have been employed by

4        Defendants in their food retail business for approximately seven years, seven

5        years, ten months, and five years, respectively. During their entire employment,

6        when Plaintiffs worked over forty hours in a week, they did not receive overtime

7        compensation at the rate of one and one half times their hourly wage. In addition,

8        during all or part of this time, Mr. Meza and Ms. Ruiz received less than the

9        federal and state minimum hourly wage.

10   3.  Plaintiffs bring this action in order to recover damages arising out of Defendants'

11       willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et

12       seq., Arizona's Wage Payment Law, A.R.S. § 23-350, et seq., and Arizona's

13       Minimum Wage Law, A.R.S. § 23-362, et seq.

14   4.  Specifically, Mr. Meza and Ms. Ruiz seek remedies for payment at a rate that was

15       less than the Arizona and federal minimum wage rates. Additionally, Mr. Aguayo,

16       Mr. Quiroz, Mr. Meza and Ms. Ruiz seek remedies for failure to pay overtime

17       wages. Plaintiffs' recovery includes liquidated, compensatory and punitive

18       damages, prejudgment interest, and costs and attorneys' fees, as provided by law.

19

20                    **JURISDICTION AND VENUE**

21   5.  This complaint alleges causes of action under the Fair Labor Standards Act, 29

22       U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C

23       § 1331. This complaint also alleges causes of action under Arizona state laws that

1     arise out of the same set of operative facts as the federal cause of action.

2     Accordingly, this Court has supplemental jurisdiction over the state claims

3     pursuant to 28 U.S.C. § 1367(a).

4   6. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) and (c),

5     because Defendants conduct business in this District and because Defendants

6     failed to pay Plaintiffs wages for services performed in Arizona.

7

8                               **PARTIES**

9   7. Plaintiff Aguayo is an individual who, at all times relevant to the instant action,

10     was and is a resident of Pima County in the State of Arizona.

11   8. Plaintiff Leobardo is an individual who, at all times relevant to the instant action,

12     was and is a resident of Pima County in the State of Arizona.

13   9. Plaintiff Meza is an individual who, at all times relevant to the instant action, was

14     and is a resident of Pima County in the State of Arizona.

15   10. Plaintiff Ruiz is an individual who, at all times relevant to the instant action, was

16     and is a resident of Pima County in the State of Arizona.

17   11. Mr. Aguayo has been an employee of Defendants for approximately seven years.

18     He is responsible for baking goods for sale in Defendants' stores and assisting

19     customers.

20   12. Mr. Quiroz has been an employee of Defendants for approximately seven years.

21     He is responsible for baking goods for sale in Defendants' stores and assisting

22     customers. He has also worked as a butcher in Defendants' stores.

1   13. Mr. Meza has been an employee of Defendants for approximately ten months. He

2       prepares food for sale in Defendants' stores, assists customers, and performs

3       cleaning and other duties.

4   14. Ms. Ruiz has been an employee of Defendants for approximately five years. She

5       works as an assistant in the bakery, preparing baked goods, providing customer

6       service, and performing cleaning duties. She has also worked as a cashier for

7       Defendants.

8   15. Mr. Aguayo, Mr. Meza, and Ms. Ruiz are currently employed by Defendants at

9       the El Herradero location at 4211 East 22nd Street, Tucson, Arizona 85711, and

10      have been employed at that location during all time periods relevant to this action.

11  16. Mr. Quiroz is currently employed at the El Herradero location at 4211 East 22nd

12      Street, Tucson, Arizona 85711, and has been an employee at that location since

13      approximately November of 2013. For time periods relevant to this action, he has

14      also been employed at the El Herradero locations at 1285 West Ajo Way, Tucson,

15      AZ 85713 and at 5434 South 12th Avenue, Tucson, AZ 85706.

16  17. Defendant Ernesto Rascon, a natural person and resident of Maricopa County,

17      Arizona, is an owner of Defendant El Herradero and the President of Defendant

18      Rascon Investments, Inc. He has authority over all business decisions, including

19      payroll, the maintenance of business records, and the hiring and termination of

20      employees.

21  18. Defendant Guilibaldo Murrieta, a natural person and resident of Pima County,

22      Arizona, is an owner of Defendant El Herradero. He has authority over all

4

1        business decisions, including payroll, the maintenance of business records, and

2        the hiring and termination of employees.

3    19. Defendant Emilio Murrieta, a natural person and resident of Pima County,

4        Arizona, is an owner of Defendant El Herradero. He has authority over all

5        business decisions, including payroll, the maintenance of business records, and

6        the hiring and termination of employees.

7    20. Defendant Petra Meza, a natural person and resident of Pima County, Arizona, is

8        an owner of Defendant El Herradero. She has authority over all business

9        decisions, including payroll, the maintenance of business records, and the hiring

10        and termination of employees.

11    21. Defendant HGP, LLC is a for-profit business, registered in the State of Arizona,

12        which operates grocery stores in Arizona, including El Herradero.

13    22. Defendant El Herradero is a retail food store with several locations in Tucson,

14        Arizona.

15    23. Defendant Rascon Investments, Inc., is a for-profit, retail sales business,

16        registered in the State of Arizona, which operates several grocery stores in

17        Arizona, including El Herradero.

18

19                    **FACTUAL ALLEGATIONS**

20    24. Plaintiffs have been employed by Defendants for all time periods relevant to this

21        action. Mr. Aguayo has been an employee of Defendants for approximately seven

22        years. Mr. Quiroz has been an employee of Defendants for approximately seven

23        years. Mr. Meza has been an employee of Defendants for approximately ten

1    months. Ms. Ruiz has been an employee of Defendants for approximately five
2    years.

3    25. During his entire employment, Mr. Aguayo has consistently worked over 40
4    hours per week without receiving one and one half times his hourly wage.

5    26. During his entire employment, Mr. Quiroz has consistently worked over 40 hours
6    per week without receiving one and one half times his hourly wage.

7    27. During his entire employment, Mr. Meza has consistently worked over 40 hours
8    per week without receiving one and one half times his hourly wage.

9    28. Between June 2014 and January 2015, Mr. Meza was paid less than the federal
10    minimum wage for every hour he worked.

11    29. Between June 2014 and February 2015, Mr. Meza was paid less than the Arizona
12    minimum wage for every hour he worked

13    30. Ms. Ruiz worked over 40 hours per week without receiving one and one half
14    times her hourly wage during at least one-half of the weeks she worked
15    throughout her entire employment until January 2015.

16    31. Ms. Ruiz was paid less than the federal and Arizona minimum wage for every
17    hour she worked until November 2014.

18    32. Defendants reduced Plaintiffs' weekly hours of work in a retaliatory manner,
19    within less than 90 days of learning of Plaintiffs' request for overtime and the
20    minimum wage.

21    33. Defendants willfully ignored the possibility that federal and state law required
22    their employees to be paid the minimum wage or overtime.

1    34. By willfully failing to pay minimum wage and overtime wages, Defendants
2          enjoyed ill-gained profits at the expense of the Plaintiffs.

3    35. On information and belief, Defendants did not post notices in view of employees
4          regarding the federal or State minimum wage.

5    36. On information and belief, Defendants did not maintain accurate record of
6          Plaintiffs' wages earned and hours worked. Defendants failed to provide Plaintiffs
7          with accurate records of their wages earned and hours worked upon request.

8    37. At all times relevant hereto, Plaintiffs have been engaged in commerce in that
9          they have directly and regularly participated in the movement of things in
10         commerce by regularly using the instrumentalities of interstate commerce.

11   38. At all relevant times hereto, Defendant Rascon Investments, Inc. has been an
12         enterprise that has had two or more employees handling, selling, or otherwise
13         working on goods or materials that have been moved in or produced for
14         commerce and has had an annual gross volume of sales made or business done of
15         not less than $500,000.

16   39. At all relevant times hereto, Defendant El Herradero has been an enterprise that
17         has had two or more employees handling, selling, or otherwise working on goods
18         or materials that have been moved in or produced for commerce and has had an
19         annual gross volume of sales made or business done of not less than $500,000.

20   40. At all relevant times hereto, Defendant HGP, LLC has been an enterprise that has
21         had two or more employees handling, selling, or otherwise working on goods or
22         materials that have been moved in or produced for commerce and has had an
23         annual gross volume of sales made or business done of not less than $500,000.

7

1    41. All defendants have been, at all times relevant hereto, Plaintiffs' employers within

2        the meaning of the FLSA, 29 U.S.C. § 203(d) and A.R.S. §§ 23-350, 362 and are

3        jointly and severally liable to Plaintiffs for violations of their rights under the

4        FLSA and Arizona law.

5

6                              **FIRST CLAIM FOR RELIEF:**

7    **FAILURE TO PAY THE MINIMUM WAGE AND OVERTIME, UNLAWFUL**

8    **RETALIATION, AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF**

9    **THE FLSA, 29 U.S.C. § 201** *et seq.*

10   42. Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs

11       as if they were fully set forth again herein.

12   43. Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), establishes the right of

13       employees to receive a wage that is not less than $7.25 per hour.

14   44. Section 207 of the FLSA, 29 U.S.C. § 207, establishes the right of all persons who

15       are "suffered or permitted to work" to have their employer pay the correct

16       overtime rate for all hours worked in excess of forty hours in a workweek.

17   45. Section 211 of the FLSA, 29 U.S.C. § 211(c), requires employers to maintain

18       records of the hours worked and wages earned by their employees.

19   46. Section 215 of the FLSA, 29 U.S.C. § 215(a)(3) makes it unlawful for employers

20       to retaliate against employees for seeking to enforce their rights under the FLSA.

21   47. From August 2014 until February 2015, Defendants paid Mr. Meza less than

22       $7.25 per hour, in violation of 29 U.S.C. § 206(a)(1)(C).

1     48. During his entire employment, Mr. Meza worked more than forty hours per week

2          and Defendants did not pay him overtime wages in violation of 29 U.S.C. §

3          207(a)(1).

4     49. From August 2011 to November 2014, Defendants paid Ms. Ruiz less than $7.25

5          per hour, in violation of 29 U.S.C. § 206(a)(1)(C).

6     50. Throughout her employment, Ms. Ruiz regularly worked more than forty hours

7          per week, and Defendants failed to pay her overtime wages in violation of 29

8          U.S.C. § 207(a)(1).

9     51. During his entire employment, Mr. Aguayo worked more than forty hours per

10         week and Defendants failed to pay him overtime wages in violation of 29 U.S.C.

11         § 207(a)(1).

12    52. During his entire employment, Mr. Quiroz regularly worked more than forty

13         hours per week and Defendants failed to pay him overtime wages in violation of

14         29 U.S.C. § 207(a)(1).

15    53. Defendants reduced Plaintiffs' hours of labor in retaliation for their requests for

16         minimum wage and overtime payments required by the FLSA.

17    54. Defendants did not maintain accurate records of Plaintiffs' hours worked or

18         wages earned, as required by 29 U.S.C. § 211(c).

19    55. Defendants acted neither in good faith nor with reasonable grounds to believe that

20         their actions and omissions were not a violation of the FLSA.

21    56. Because Defendants' violations of the FLSA demonstrated reckless disregard for

22         the requirements of FLSA, their violations of FLSA were willful.

1    57. Mr. Aguayo, Mr. Quiroz, Mr. Meza, and Ms. Ruiz have been harmed as a result

2         of Defendants' violations of the FLSA. They have suffered financial damage and

3         emotional distress due to Defendants refusal to pay them as required by FLSA.

4    58. Based on the foregoing and pursuant to 29 U.S.C. § 216(b), Mr. Aguayo, Mr.

5         Quiroz, Mr. Meza, and Ms. Ruiz seek unpaid wages at the required legal rate for

6         all of their working hours during the relevant time period, liquidated damages,

7         prejudgment interest, attorneys' fees and litigation costs, and all other costs and

8         compensatory and punitive damages allowed by law.

9

10                              **SECOND CLAIM FOR RELIEF:**

11    **FAILURE TO PAY THE MINIMUM WAGE, UNLAWFUL RETALIATION,**

12    **FAILURE TO POST NOTICES, AND FAILURE TO MAINTAIN RECORDS IN**

13    **VIOLATION OF THE ARIZONA MINIMUM WAGE ACT, A.R.S. 23-362** *et seq.*

14    59. Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs

15         as if they were set forth again herein.

16    60. The Arizona Minimum Wage Act, A.R.S. §§ 23-363(A), (B), establishes the

17         minimum wage that employers in Arizona must pay to their employees.

18    61. Section 364(B) of the Minimum Wage Act, A.R.S. § 23-364(B), makes it

19         unlawful for employers to retaliate against employees for seeking to enforce their

20         rights under the Arizona Minimum Wage Act, or for informing or assisting

21         another in enforcing their rights under the Act, and it establishes a rebuttable

22         presumption that the employer engaged in unlawful retaliation if adverse action is

1      taken against an employee within 90 days of asserting a claim or right under the

2      Act.

3    62. Section 364(D) of the Minimum Wage Act, A.R.S. § 23-364(D), requires

4      employers to post notices informing employees of their rights under the Act.

5    63. Section 23-364(D) of the Minimum Wage Act, A.R.S. § 23-364(D) requires

6      employers to maintain records of their employees' wages earned and hours

7      worked for four years and establishes a rebuttable presumption that the employer

8      did not pay the minimum wage if the employer fails to maintain such records.

9      Section 23-364(D) further requires that the employer permit the employee or her

10     representative to "inspect and copy" payroll records upon request.

11   64. Defendants paid Mr. Meza less than the applicable minimum wage from June

12     2014 until February 2015.

13   65. Defendants paid Ms. Ruiz less than the applicable minimum wage from August

14     2011 until November 2014.

15   66. Defendants reduced Plaintiffs' hours of labor in a retaliatory manner, within 90

16     days of Mr. Meza's and Ms. Ruiz's requests for minimum wage payments

17     required by the Arizona Minimum Wage Act.

18   67. Defendants failed to post the notices required by A.R.S. § 23-364(D).

19   68. Defendants failed to maintain records of Plaintiffs' wages and hours or to disclose

20     those records when they were requested by their representative.

21   69. Defendants' violations of the Arizona Minimum Wage Act were a part of a

22     continuing course of conduct throughout the Plaintiffs' entire employment with

23     Defendants.

1    70. Defendants were willful in that they demonstrated reckless disregard for the
2        requirements of the Act.
3    71. Plaintiffs have been harmed as a result of Defendants' violations of the Act,
4        including loss of earnings and emotional distress, all of which will be proven at
5        trial.
6    72. Based on the foregoing and pursuant to A.R.S. § 23-364, Mr. Meza and Ms. Ruiz
7        seek unpaid wages at the required legal rate for all of their working hours during
8        the relevant time period, double damages, prejudgment interest, attorneys' fees
9        and litigation costs, and all other costs, penalties and damages allowed by law.
10

11                          **THIRD CLAIM FOR RELIEF:**

12   **FAILURE TO MAKE TIMELY WAGE PAYMENTS IN VIOLATION OF**

13   **ARIZONA'S WAGE PAYMENT LAWS, A.R.S. § 23-350 *et seq.***

14   73. Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs
15        as if they were fully set forth again herein.
16   74. A.R.S. § 23-351(C)(3) requires that employers pay all wages due, including
17        overtime wages, no later than sixteen days after the most recent pay period.
18   75. Beginning in June 2014, Defendants paid Mr. Meza less than the minimum wage
19        as mandated by the FLSA and the Arizona Minimum Wage Act.
20   76. Beginning in August 2011, Defendants paid Ms. Ruiz less than the minimum
21        wage as mandated by the FLSA and the Arizona Minimum Wage Act.
22   77. Defendants did not pay Mr. Aguayo overtime for the hours that he worked in
23        excess of forty per week, in violation of the FLSA.

78. Defendants did not pay Mr. Quiroz overtime for the hours that he worked in
excess of forty per week, in violation of the FLSA.

79. Defendants did not pay Mr. Meza overtime for the hours that he worked in excess
of forty per week, in violation of the FLSA.

80. Defendants did not pay Ms. Ruiz overtime for the hours that she worked in excess
of forty per week, in violation of the FLSA.

81. Mr. Aguayo, Mr. Quiroz, Mr. Meza, and Ms. Ruiz have been harmed as a result
of the Defendants' violation of A.R.S. § 23-351(C)(3), including loss of earnings
and emotional distress, all of which will be proven at trial.

82. Based on the foregoing, Mr. Aguayo, Mr. Quiroz, Mr. Meza and Ms. Ruiz seek
treble damages pursuant to A.R.S. § 23-355(A).

## **PRAYER FOR RELIEF**

***WHEREFORE, Plaintiff Mr. Aguayo respectfully requests that this Court:***

A.      Award Mr. Aguayo damages for unpaid overtime wages, and retaliation
plus liquidated damages in an equal amount, plus compensatory and punitive
damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to
be determined at trial;

B.      Award Mr. Aguayo twice the full amount of wages owed in violation of
Arizona's Minimum Wage Act, as provided by A.R.S. § 23-364(G), and interest, in
an amount to be determined at trial, and assess civil penalties pursuant to A.R.S. § 23-
364(F);

1        C.      Award Mr. Aguayo three-times the full amount of wages owed, as

2        provided by A.R.S. § 23-355(A), and interest, in an amount to be determined at trial;

3        D.      Award Mr. Aguayo damages for retaliation pursuant to A.R.S. § 23-

4        364(G).

5        E.      Award attorneys' fees and costs to Mr. Aguayo for legal services provided

6        by the University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-341 et seq.;

7        F.      Grant such additional and further relief as the Court deems just and

8        proper.

9

10       **WHEREFORE, Plaintiff Mr. Quiroz respectfully requests that this Court:**

11        A.      Award Mr. Quiroz damages for unpaid overtime wages and retaliation

12        plus liquidated damages in an equal amount, plus compensatory and punitive

13        damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to

14        be determined at trial;

15        B.      Award Mr. Quiroz twice the full amount of wages owed in violation of

16        Arizona's Minimum Wage Act, as provided by A.R.S. § 23-364(G), and interest, in

17        an amount to be determined at trial, and assess civil penalties pursuant to A.R.S. § 23-

18        364(F);

19        C.      Award Mr. Quiroz three-times the full amount of wages owed, as provided

20        by A.R.S. § 23-355(A), and interest, in an amount to be determined at trial;

1      D.     Award Mr. Quiroz damages for retaliation pursuant to A.R.S. § 23-

2     364(G).

3      E.     Award attorneys' fees and costs to Mr. Quiroz for legal services provided

4     by the University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-341 et seq.;

5      F.     Grant such additional and further relief as the Court deems just and

6     proper.

7

8     **WHEREFORE, Plaintiff Mr. Meza respectfully requests that this Court:**

9      A.     Award Mr. Meza damages for unpaid overtime, and minimum wage, and

10    retaliation plus liquidated damages in an equal amount, plus compensatory and

11    punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an

12    amount to be determined at trial;

13     B.     Award Mr. Meza twice the full amount of wages owed in violation of

14    Arizona's Minimum Wage Act, as provided by A.R.S. § 23-364(G), and interest, in

15    an amount to be determined at trial and assess civil penalties pursuant to A.R.S. § 23-

16    364(F);

17     C.     Award Mr. Meza three-times the full amount of wages owed, as provided

18    by A.R.S. § 23-355(A), and interest, in an amount to be determined at trial;

19     D.     Award Mr. Meza damages for retaliation pursuant to A.R.S. § 23-364(G).

1        E.       Award attorneys' fees and costs to Mr. Meza for legal services provided

2     by the University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-341 et seq.;

3        F.       Grant such additional and further relief as the Court deems just and

4     proper.

5

6     ***WHEREFORE, Plaintiff Ms. Ruiz respectfully requests that this Court:***

7        A.       Award Ms. Ruiz damages for unpaid overtime, and minimum wage, and

8     retaliation, plus liquidated damages in an equal amount, plus compensatory and

9     punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an

10    amount to be determined at trial;

11       B.       Award Ms. Ruiz twice the full amount of wages owed in violation of

12    Arizona's Minimum Wage Act, as provided by A.R.S. § 23-364(G), and interest, in

13    an amount to be determined at trial and assess civil penalties pursuant to A.R.S. § 23-

14    364(F);

15       C.       Award Ms. Ruiz three-times the full amount of wages owed, as provided

16    by A.R.S. § 23-355(A), and interest, in an amount to be determined at trial;

17       D.       Award Mr. Meza damages for retaliation pursuant to A.R.S. § 23-364(G).

18       E.       Award attorneys' fees and costs to Ms. Ruiz for legal services provided by

19    the University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-341 et seq.;

20       F.  Grant such additional and further relief as the Court deems just and proper.

16

1

2                              **<u>DEMAND FOR JURY TRIAL</u>**

3       Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to

4       which they have a right to jury trial.

5

6   Tucson, AZ

7   June 15, 2015

8

9                                      Respectfully submitted,

10

11                              BY: _____ /s/_____

12                                      Nina Rabin

13                                      Attorney for Plaintiffs